**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GERALD EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1273 RWS |
| | ) | |
| CINDY GRIFFITH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, as well as his request to stay and abey this action.

Petitioner has failed to articulate each and every ground under which he would like to assert his habeas claims. Therefore, he will be asked to amend his petition for writ of habeas corpus on a court-provided form. Additionally, as petitioner has neither paid the filing fee nor filed a motion to proceed in forma pauperis, he will also be asked to proceed by either paying the requisite $5.00 fee or filling out the required forms to proceed in forma pauperis.

The Court notes that petitioner has indicated in his petition that he would like the Court to stay and abey this action pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), which is only available in mixed petitions.

However, petitioner has mentioned in his application for writ that he has fully exhausted his claims for relief and has brought his claims to this Court in a timely manner. As grounds for the stay and abey, he asserts that he has filed a state habeas corpus pursuant to Rule 91 relative to similar criminal charges in another jurisdiction. Thus, it appears petitioner wishes to base his request for stay on his post-conviction proceedings in a separate state criminal matter.

The Court has not found any record of petitioner's Rule 91 state habeas proceeding on Missouri.Case.Net, and even if the Court were to acquire these records, the Court is unsure of how such records could impact the present habeas action.

As such, the Court will require petitioner to file a proper motion for stay in this action and fully brief, with supportive documentation, the necessary factors for a stay under *Rhines*, showing why petitioner believes such a stay should be granted.

Petitioner should remember that because a stay under *Rhines* effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Rhines*, 544 U.S. at 277. As it appears in this instance that petitioner has already exhausted his claims, it is likely that the Court would find that there is no need for a stay.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide petitioner with a form for filing a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody," as well as a form "Motion to Proceed In Forma Pauperis and Affidavit in Support - Habeas Cases."

**IT IS FURTHER ORDERED** that petitioner shall complete, sign, and return the petition within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of this Order to pay the statutory filing fee of $5, or to submit a completed form "Motion to Proceed in Forma Pauperis and Affidavit in Support - Habeas Cases."

**IT IS FURTHER ORDERED** if petitioner wishes to pursue a stay and abey in this action, he shall file a separate motion, with supporting documentation and explanation, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court may dismiss this action without further proceedings.

Dated this 18th day of August, 2016.

RODNEY W.SIPPEL
UNITED STATES DISTRICT JUDGE