UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1273 RWS |
| | ) | |
| CINDY GRIFFITH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's request for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). The request will be denied.

Petitioner was found guilty, after a jury trial in St. Louis County Court, of two counts of first-degree child molestation, one count of statutory sodomy and three counts of statutory rape. Petitioner was sentenced on November 10, 2011, to life imprisonment on each of the statutory rape counts, life imprisonment on the statutory sodomy count, and 15 years' imprisonment on each of the two child molestation counts, with the sentences to be served concurrently.

After his conviction was affirmed on appeal, petitioner filed a pro se Rule 29.15 motion that included a multitude of claims. Counsel was appointed for petitioner, and counsel filed an amended motion. The amended motion wholly superseded the pro se motion. The circuit court denied the motion, and the Missouri Court of Appeals affirmed.

Petitioner's federal habeas petition contains the entirety of the claims petitioner raised in his direct appeal and in his Rule 29.15 motions. Nonetheless, in his application for writ of habeas corpus at bar, petitioner states that he has filed a Rule 91 habeas petition in Washington County state court in an attempt to argue that his counsel was ineffective for failing to advise him that his

prior guilty plea in a similar case in the City of St. Louis involving the same victim and same type of offense could be used against him in his case in St. Louis County.

As noted in the Court's prior Memorandum and Order addressing petitioner's request for stay, the Court has not found any evidence of a pending Rule 91 motion in Missouri State Court when checking Missouri.Case.Net. Moreover, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

The Court has reviewed petitioner's underlying state court briefs on Westlaw and found that he has already litigated, in both his appeal of his conviction, as well as his post-conviction appeal process, the collateral consequences of his guilty plea in the St. Louis City action. *See, e.g., State v. Edwards*, No. ED97695, 2012 WL 5510137 (Mo.Ct.App. October 31, 2012); *see also, Edwards v. State*, No. ED100625, 2014 WL4389703 (Mo.Ct.App. July 16, 2014). Thus, there are no non-futile state remedies by which petitioner can present his claims relative to the collateral consequences of his prior plea to the state court. *Smittie v. Lockhart,* 843 F.2d 295, 296 (8th Cir.1988).[1]

As a result, all of petitioner's claims are exhausted, and the petition is not subject to stay and abeyance under *Rhines*.

---

[1] Rule 29.15 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal Constitutions.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request for stay and abeyance is **DENIED**.

Dated this 28th day of October, 2016.

                                                    _____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE