UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1273 RWS |
| | ) | |
| CINDY GRIFFITH, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion for reconsideration of his request for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). [Doc.#7] The motion for reconsideration will be denied.

## **Background**

Petitioner was found guilty, after a jury trial in St. Louis County Court, of two counts of first-degree child molestation, one count of statutory sodomy and three counts of statutory rape. Petitioner was sentenced on November 10, 2011, to life imprisonment on each of the statutory rape counts, life imprisonment on the statutory sodomy count, and 15 years' imprisonment on each of the two child molestation counts, with the sentences to be served concurrently. *See State v. Edwards*, 08SL-CR03022 (21st Judicial Circuit, St. Louis County Court).

After his conviction was affirmed on appeal, *see State v. Edwards*, ED97695 (Mo.Ct.App. April 30, 2013), petitioner filed a pro se Rule 29.15 motion that included a multitude of claims. *See Edwards v. State*, No. 11SL-CC05160 (21st Judicial Circuit, St. Louis County Court). Counsel was appointed for petitioner, and counsel filed an amended motion. The amended motion wholly

1

superseded the pro se motion. The circuit court denied the motion, and the Missouri Court of Appeals affirmed. *See Edwards v. State*, No. ED 101855 (Mo.Ct.App. September 15, 2015).

Petitioner filed his federal habeas petition by placing it in the prison mailing system on July 28, 2016. At that time, petitioner also filed a motion to stay and abey ruling on his petition while he exhausted his state court remedies.

Petitioner was asked to submit an amended application for writ, which he did, on September 16, 2016. Because petitioner's federal habeas petition contained the entirety of the claims petitioner raised in his direct appeal and in his Rule 29.15 motion, the Court denied petitioner's application to stay and abey on October 28, 2016. Petitioner seeks reconsideration of the Court's Memorandum and Order.

**Discussion**

In his motion for reconsideration and renewal of his request to stay and abey this habeas action, petitioner states that he has filed a Rule 91 habeas petition in Washington County state court. Petitioner asserts that in his Rule 91 petition he is asserting that after he pled guilty to committing statutory rape, statutory sodomy and child molestation in St. Louis City Case No. 0822-CR02764-01, he should not have been tried for the same offenses in St. Louis County Case No. 08SL-CR3022-01.

This Court has reviewed Missouri.Case.Net and found that petitioner has indeed filed a new Rule 91 state habeas petition since the time of the Court's prior Memorandum and Order in Washington County, Missouri. However, the State Court of Washington County, or more specifically the Honorable Judge Troy Hyde, has already dismissed petitioner's application for writ of habeas corpus. *See Edwards v. Griffin*, No. 16WA-CC00425 (24th Judicial Circuit, Washington County Court). Thus, petitioner's request for reconsideration of the denial of the

2

stay and abeyance is moot given that his Rule 91 petition has already been denied in Missouri state court.[1]

Moreover, as noted in the Court's prior Memorandum and Order, the Court has reviewed petitioner's underlying state court briefs on Westlaw and found that he has already litigated, in both his appeal of his conviction, as well as his post-conviction appeal process, the collateral consequences of his guilty plea in the St. Louis City action. *See, e.g., State v. Edwards*, No. ED97695, 2012 WL 5510137 (Mo.Ct.App. October 31, 2012); *see also, Edwards v. State*, No. ED100625, 2014 WL4389703 (Mo.Ct.App. July 16, 2014). Thus, there are no non-futile state remedies by which petitioner can present his claims relative to the collateral consequences of his prior plea to the state court. *See Smittie v. Lockhart,* 843 F.2d 295, 296 (8th Cir.1988).[2] As such, there are no other means by which petitioner can move to exhaust any additional claims in state court.

As a result, all of petitioner's claims are exhausted, and the petition is not subject to stay and abeyance under *Rhines*.

Accordingly,

---

[1] In his state court Rule 91 petition, petitioner asserted that under the Double Jeopardy Clause his conviction in St. Louis County should have been barred by his guilty plea in St. Louis City court. Judge Hyde dismissed petitioner's contentions, finding that his convictions did not violate the Double Jeopardy Clause because he was charged and convicted of different offenses in the two cases. *See Edwards v. Griffin*, No. 16WA-CC00425 (24th Judicial Circuit, Washington County Court).

[2] Rule 29.15 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal Constitutions.

**IT IS HEREBY ORDERED** that petitioner's request for reconsideration of the denial of his motion to stay and abey this action [Doc. #7] is **DENIED**.

Dated this 10th day of January, 2017.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE