UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GERALD EDWARDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:16 CV 1273 RWS |
| CINDY GRIFFITH | ) | |
| Defendants. | ) | |

## **ORDER**

Petitioner Gerald L. Edwards seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 28, 2011, a jury found Edwards guilty of one count of first degree statutory rape, two counts of first degree child molestation, and one count of first degree sodomy in the Circuit Court of St. Louis County, Missouri. (ECF No. 18-2 at 15). Edwards was sentenced to four terms of life imprisonment and two terms of fifteen years, to run concurrently on each count. (Id. at 16).

In his petition, Edwards asserts five grounds for relief including that 1) the trial court should have suppressed evidence of incriminating statements he made to a detective and a police officer; 2) the trial court should have excluded information about his guilty plea in a separate case; 3) Edwards' trial counsel was ineffective because she failed to call Shirley Grady, who would have testified that Edwards

"liked to teach and mentor . . . children"; 4) Edwards' trial counsel was ineffective because she failed to call Shirley Grady's daughter, Angela Grady; and 5) that the trial court violated Edwards' right to be free from double jeopardy, because he was convicted twice for similar crimes conducted at different times and locations, but with the same victim.

I referred this case to United States Magistrate Judge Nannette A. Baker, pursuant to 28 U.S.C. § 636(b)(1), for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. On June 3, 2019, Judge Baker issued a report and recommendation. (ECF No. 24). Judge Baker determined that Edwards procedurally defaulted grounds two (concerning admission of a guilty plea as character evidence) and five (concerning double jeopardy) because he did not present these claims in his post-conviction proceedings. Judge Baker also determined that the state court's conclusions for grounds one (suppression of incriminating statements), three (failure to call Shirley Grady), and four (failure to call Angela Grady) were not contrary to, and did not involve an unreasonable application of, clearly established federal law and were not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Neither party filed written objections to Judge Baker's report and

recommendation within the fourteen (14) day window provided by 28 U.S.C. § 636(b)(1). I have carefully reviewed Judge Baker's report and recommendation. I agree that Edwards does not show that he is entitled to relief based on grounds one, three, and four and that he defaulted grounds two and five. As a result, I will accept Judge Baker's report and recommendation in full.

Accordingly,

**IT IS HEREBY ORDERED** that Gerald L. Edwards petition amended petition for a writ of habeas corpus, [No. 4], is **DENIED**. An appropriate order of dismissal will accompany this Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2019.